NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 31 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEPHANIE L. PICKERING; TERRI A. O'KEEFE, | No. 17-35099 |
| Plaintiffs-Appellants, | D.C. No. 2:15-cv-01983-RSM |
| v. | MEMORANDUM[*] |
| BANK OF AMERICA HOME LOANS; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, Chief Judge, Presiding

Submitted October 23, 2017[**]

Before:    McKEOWN, WATFORD, and FRIEDLAND, Circuit Judges.

Stephanie L. Pickering and Terri A. O'Keefe appeal pro se from the district

court's judgment dismissing their action alleging federal and state law claims

related to their mortgage loans.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

review de novo a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm in part, vacate in part, and remand.

The district court did not abuse its discretion by denying leave to amend plaintiffs' claim arising under the Home Affordable Modification Program because amendment would have been futile. *See Gardner v. Martino*, 563 F.3d 981, 990, 922 (9th Cir. 2009) (setting forth standard of review and explaining that denial of leave to amend is appropriate where amendment would be futile).

We do not consider plaintiffs' breach of contract, breach of implied contract, and declaratory relief claims because plaintiffs failed to challenge the district court's dismissal of those claims in their opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (we do not consider matters not specifically and distinctly raised and argued in the opening brief).

The district court failed to address plaintiffs' allegations that Bank of America violated the Real Estate Settlement Procedures Act's ("RESPA") corresponding regulations in processing plaintiffs' loan modification application. *See* 12 C.F.R. § 1024.41 (setting forth loss mitigation procedures for mortgage loan servicers in evaluating a borrower's loan modification request); *see also*

*Edwards v. First Am. Corp.*, 798 F.3d 1172, 1179 (9th Cir. 2015) (explaining RESPA's corresponding regulations under Regulation X). We vacate the judgment in part for the district court to consider plaintiffs' RESPA claim in the first instance.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**